Hennerich v. Snyder.

---

No. 21,125.

IVAMAE HENNERICH, *Appellee*, v. EMMA A. SNYDER AND GEORGE B. SNYDER, *Appellants.*

SYLLABUS BY THE COURT.

1. SALE OF LAND—*Specific Performance of Contract—Questions for Review.* A question presented for review, based on an assumed state of facts contrary to those shown by the evidence, need not be decided on appeal.

2. SAME—*Findings—Evidence.* The findings of fact, of which complaint is made, were supported by evidence.

3. CONTRACT—*Sale of Land—Payments—Default—Waiver.* A question presented for review, based on failure to make prompt payments for real property sold under a contract making time an essential ingred-

ient thereof, need not be decided where time was later waived by the parties.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed July 7, 1917. Affirmed.

*A. D. Gilkeson,* of Hays, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellants.

*J. H. Simminger,* and *E. A. Rea,* both of Hays, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to compel the specific performance of a contract for the sale of real property. Judgment was rendered in favor of the plaintiff and the defendants appeal.

The defendants contracted to sell their homestead to the plaintiff for $6000, to be paid in installments. Time was made an essential ingredient of the contract, which also provided that on the failure of the plaintiff to comply with its terms the contract should at once cease and become null and void, and the plaintiff should retain all moneys that had been paid; and that all rights under the contract should be forfeited. The contract also provided that possession of the property should be delivered to the plaintiff when $3000 had been paid as follows: $200 cash, $800 on November 1, 1915, $1000 on January 1, 1916, and $1000 on May 1, 1916. One payment of $300 was made before it was due. Default was made in other payments. The jury made, among others, the following special findings of fact:

"Was the plaintiff or her husband in her presence, told by the defendant, Emma A. Snyder, at the conference on Jan. 4, 1916, that all payments of purchase money for the real estate in question thereafter falling due must be promptly paid when due, or words to that effect? Ans. No.

"Did Emma A. Snyder, at any time previous to the commencement of this action ever notify Dr. or Ivamae Hennerich that she declared the contract forfeited? Ans. No, not according to law.

"Did Emma A. Snyder at any time previous to the commencement of this suit notify Dr. Hennerich or Ivamae Hennerich that unless payments were made promptly she would declare the contract forfeited? Ans. No.

"Did Emma A. Snyder ever accept money on said contract before the same was due and then agree with Dr. Hennerich that she would extend the time of payment if necessary as a consideration of the advance payment of the contract? Ans. Yes.

"From any conversation Dr. Hennerich had with Emma A. Snyder was Dr. Hennerich and Ivamae Hennerich led to believe by Emma A. Snyder that she would not insist on the strict terms of the contract? Ans. Yes, according to previous actions they were led to believe that Mrs. Snyder would not insist on the strict terms of the contract.

"Did Dr. Snyder or Emma A. Snyder at any time previous to the commencement of this action ever take any steps for the cancellation of the contract? Ans. No."

1. Defendant George B. Snyder contends that he did not consent to a waiver of any of the terms of the written contract, and that he is not bound by any waiver made by his wife, defendant Emma A. Snyder. A number of authorities are cited which hold that contracts affecting homestead rights can not be altered without the consent of both husband and wife. These authorities are immaterial for the reason that there was evidence which showed that defendant George A. Snyder consented to all that his wife did in connection with the sale of the homestead. He took part in the negotiations concerning the defaulted payments and acted for his wife in a number of matters connected with the sale. There was evidence that fairly tended to show that all negotiations, communications, and transactions had subsequent to the signing of the contract were participated in by both defendants. The evidence does not show that George A. Snyder gave any written consent to payments being postponed, but it does show that he knew all about their postponement and took part in the negotiations therefor. It is therefore not necessary to determine the question presented by the defendants.

2. The defendants contend that the seventh and eighth findings of fact were not supported by evidence. There was ample evidence to support these findings, although there was evidence that was contradictory thereto. No good purpose will be served by setting out the evidence that supported these findings.

3. The evidence shows that the defendants defaulted on part of the payment due November 1, 1915, and on all of the payment due January 1, 1916. On January 4, the remainder of the installment due November 1 was paid, part of the Jan-

uary installment was paid, and an agreement was reached by which it was arranged that a post-dated check should be given for part of that installment. The check was not paid. The defendants contend that "a waiver of the right to enforce a forfeiture of contract for default of payment of one installment of the purchase price of land does not constitute a waiver of such right as to subsequent installments," and that "the acceptance of the post-dated checks did not waive the right of forfeiture."

The jury found, in substance, that the time element of the contract was waived. That finding makes it unnecessary to determine these propositions.

The judgment is affirmed.